UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY O. WILSON,

      Plaintiff,                No. 19-11704

v.                               District Judge David M. Lawson
                               Magistrate Judge R. Steven Whalen

FIRST PREMIER BANK,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Currently before the Court is Plaintiff Anthony O. Wilson's ("Plaintiff's") June 25, 2019 motion for partial summary judgment [Doc. #5] and Defendant First Premier Bank's ("Defendant's") July 18, 2019 motion for judgment on the pleadings or in the alternative summary judgment [Doc. #7], which have been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the Plaintiff's motion for partially summary judgment [Doc. #5] be DENIED and that Defendant's motion for judgment on the pleadings or in the alternative summary judgment [Doc. #7] be GRANTED, dismissing the case WITH PREJUDICE.

## I.  BACKGROUND

On or around May 5, 2019, Plaintiff filed a complaint in the 67th Judicial District Court, State of Michigan, alleging violations by Defendant of the Equal Credit Opportunity

Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq.,* the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § § 1681 *et seq.,* the Michigan Elliot-Larsen Civil rights Act ("ELCRA"), Mich.

Comp. Laws § 37.2101, *et seq.*, the Michigan Consumer Protection Act ("MCPA") Mich.

Comp. Law § 445.901, *et seq.*, and state claims of beach of contract and

fraud/misrepresentation.   Defendant removed the case to this Court.

Plaintiff makes the following factual allegations:

He received an offer through mail from Defendant stating that he had been pre-

approved for a credit card.  *Complaint,* ¶¶ 6-8, (ECF No. 1-1, PageID.8).  Plaintiff alleges

that the offer "was sent pursuant to a soft inquiry as a pre-screened offer." *Id.* at ¶ 7.  Plaintiff

"accepted" the pre-approved offer by applying for the credit card.  *Id.* at ¶ 9.  His application

was denied despite the fact that his "overall financial picture, health, and status[] which gave

rise to the pre-approved offer had not materially changed" since the offer was made.  ¶¶ 10-

11.  Plaintiff alleges that in order to deny his application for credit, Defendant "would have

to show that [his] overall financial picture, health, and status[] which gave rise to the pre-

approved offer ha[d] materially changed.  *Id.* at ¶ 14.  Plaintiff alleges that his application

for credit was denied based on race, disability, and "income derivation." *Id.* at ¶ 13.

Plaintiff requests compensatory, punitive, and "other" damages of $5,000.

## II.  STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal

Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion

to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." " In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (*citing Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party

must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff."  *Anderson*, 477 U.S. at 252 (emphasis added).  If the non-moving party cannot meet that burden, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322-23.

### III.  ANALYSIS

**A.  Plaintiff's Motion for Partial Summary Judgment [Doc. #5]**

Plaintiff contends that he is entitled to summary judgment on his claims under the Fair Credit Reporting Act ("FCRA").  *Docket #5.*  He argues, in effect, that Defendant, having obtained his credit information from a credit reporting agency, extended "a firm offer of credit" which can be denied only if "the [consumer's] post-offer credit report no longer meets the creditor's pre-selection criteria." (ECF No. 5, PageID.26)(*citing Sullivan v. Greenwood credit Union,* 499 F. Supp 2d 83 (2007)).

"The Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681, is designed to accomplish dual goals: 'to promote efficiency in the Nation's banking system and to protect consumer privacy.'" *Bickley v. Dish Network*, *LLC*, 751 F.3d 724, 728 (6th Cir. 2014)(*quoting TRW Inc. v. Andrews*, 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001)); see also 15 U.S.C. § 1681(a)(4).  Under § 1681b, the "permissible purposes" for generating consumer reports include obtaining information to be used "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer. . ."  § 1681b(a)(3)(A).

Where the consumer report "is not initiated by the consumer," it can be used only to make "a firm offer of credit or insurance . . ." § 1681b(c)(1)(B)(i).

Under the FCRA, a "firm offer" is defined as follows:

[An] offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . .

15 U.S.C. § 1681a(1).

"Consumers may bring suit to recover actual damages, and potential attorney's fees and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed...with respect to any consumer' under the Act. 15 U.S.C. § 1681o." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012). "[I]f a consumer can establish that a furnisher willfully violated one of its duties, then under § 1681n the consumer may recover actual or statutory damages, as well as punitive damages." *Id.* at 616. To establish a claim for the improper use of a credit report, Plaintiff must show "'(i) that there was a consumer report within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose.'" *Bickley* at 728 (*quoting Godby v. Wells Fargo Bank*, N.A., 599 F.Supp.2d 934, 937 (S.D.Ohio 2008)).

### 1. Plaintiff Bears the Burden of Proving a Violation of FCRA

In response to the present motion, Defendant argues first that Plaintiff's motion is erroneously premised on the assumption that Defendant bears the burden of proof in disproving the FCRA claim. *Docket #6,* (ECF No. 6, PageID.50). Defendant is correct that

-6-

the plaintiff bears the burden of proof in establishing the elements of a FCRA violation. *See Bickley*, 751 F.3d at 728 (a "plaintiff must prove" the elements of a FCRA claim); *Aubert v. Russell Collection Agency, Inc.*, 215 F.Supp.3d 583, 590 (E.D.Mich., 2016)(Patti, M.J.)(*quoting* 21 C.J.S. Credit Reporting Agencies § 26)("'burden of proof on a claim under the Fair Credit Reporting Act (FCRA) is on the plaintiff'").

### 2. Plaintiff Cannot Show a Violation of FCRA[1]

Plaintiff's appears to argue that because his application for credit was denied, the offer by Defendant was not a "firm offer" under FCRA and thus, Defendant's receipt of his credit report was not done for a permissible purpose under the Act. *See* §§ 1681b(a)(3)(A), 1681b(c)(1)(B)(i), *above.* However, a firm offer as defined by FCRA does not imply that upon a consumer's "acceptance" the offeror is contractually obliged to extend credit. Rather, "an offer of credit meets the statutory definition so long as the creditor will not deny credit to the consumer if the consumer meets the creditor's pre-selection criteria." *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 76 (1st Cir. 2008).[2] "The term 'firm offer of credit' does not require the offeror to include additional terms other than the pre-selection criteria.

---

[1] Plaintiff has not only failed to establish as a matter of law that Defendant violated the FCRA for purposes of this motion, but Defendant's response, mirrored in its own motion for either judgment on the pleadings or summary judgment, *see Docket #7,* also provides grounds for dismissal of the FCRA claims.

[2] While Plaintiff cites *Greenwood* for the proposition that Defendant bears the burden of showing that it did not violate FCRA, Defendant correctly observes that *Greenwood* "says no such thing." (ECF No. 6, PageID.50).

As one court has colloquially put it, 'a firm offer of credit under the Act really means a firm offer if you meet certain criteria.' " *Id.* (*quoting Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 841 (5th Cir.2004)).

Defendant has shown as a matter of law that it did not violate FCRA in denying credit to Plaintiff.  Defendant acknowledges that Plaintiff was invited to apply for a credit card and that the invitation notes that his name was provided to Defendant by a consumer credit reporting agency.  *Defendant's Exhibit A,* (ECF No. 6-2, PageID.59).  However, the invitation to apply for credit states under the heading "Eligibility Criteria" that the consumer "may not qualify for this offer" based on among other factors, having less than $10,000 in annual income and the "inability to verify" the consumer's identity or address.  *Id.* (ECF No.6-2, PageID.62).  Defendant states that it received an application from an individual by the name of Anthony Wilson, living at G3064 Miller Road, Apt 822, Flint, MI.  Plaintiff offered the same address in a telephone conversation with an agent of Defendant after his application was denied.  *Defendant's Exhibit H* (ECF No.69, PageID.84).  Defendant states that after receiving the application, it requested verification of Plaintiff's income.  However, the letter from the Social Security Administration ("SSA") later provided by Plaintiff listed his address as 2487 Green Pine Drive, Burton, Michigan, which did not match the Miller Road address provided in the credit application.  *Defendant's Exhibit D* (ECF No.65, PageID.80).

Because of the discrepancy between Plaintiff's claimed address and the SSA letter,

Plaintiff was informed that Defendant was unable to verify either Plaintiff's address or income. *Defendant's Exhibit E* (ECF No. 6-6, PageID.81).  In response, Plaintiff sent a copy of his driver's license (with a white patch over the photograph) reflecting the Green Pine address with a sticker indicating the Miller Road address.  *Defendant's Exhibit F* (ECF No. 6-7 , PageID.82).  However, Defendant notes that aside from the fact that Plaintiff had whited out his picture, the change of address sticker "lacked any state seal or DMV logo" and as a result, Plaintiff's credit application was denied.[3]  *Defendant's Exhibit G,* (ECF No. 6-8, PageID.23).    On April 30, 2019 following the denial of credit, Plaintiff telephoned Defendant as to the reasons for the denial. *Defendant's Exhibit H* (ECF No. 6-9, PageID.84). Plaintiff was informed by Defendant's agent that the application was denied a second time because the change of address sticker did not include a state seal or DMV logo.  The agent informed Plaintiff that she could "help you go over a new application if [he] was still wanting to [] reapply." *Id.*

In summary, Plaintiff's claim fails for multiple reasons.  First, as discussed above, a

---

[3]

In response, Plaintiff points out that Defendant had sufficient verification that he lived at the Miller Road address to send his denial of credit notification there and that the Miller Road address was listed in his credit report. *Plaintiff's Response,* (ECF No. 11, PageID.400). However, assuming that Plaintiff's credit report listed the Miller Road address, Plaintiff's address was called into question (for purposes of extending credit) after he provided a letter from the SSA (to prove income) showing a different address than the one used on the application. *Defendant's Exhibit D* (ECF No.65, PageID.80).  In reply, Defendant also notes that the only proof that Plaintiff offers to show that his address was listed on Miller Road on his credit report is a report ordered on July 1, 2019.  (ECF No. 14, PageID.438)(ECF No. 11, PageID.409).

"firm offer" under FCRA means at best, an offer conditioned on the consumer showing that

s/he can meet certain criteria.  Plaintiff's claim that he was entitled to credit when he

"accepted" the offer by completing the application is based on a misinterpretation of the Act.

Further, the application itself cautions that the consumer "may not qualify" for the offer of

credit based on the inability to verify the consumer's address or identity.[4]  *Defendant's*

*Exhibit A* (ECF No.6-2, PageID.62).

As such, Plaintiff cannot establish a violation of FCRA.

### B. Defendant's Motion for Judgment on the Pleadings or in the Alternative Summary Judgment [Doc. #7]

### 1.  The FCRA Claim

For the reasons set forth above, Plaintiff's claim that Defendant violated FCRA by

denying his application after extending a "firm offer" of credit fails as a matter of law.

### 2.  Plaintiff Cannot Show Violations of ECOA or ELCRA

Plaintiff's failure to provide any factual allegations supporting his claim that his

application for credit was denied on the basis of race warrants dismissal of the ECOA and

ELCRA claims.  The Equal Credit Opportunity Act ("ECOA") prohibits creditors from

discriminating against any credit applicant on the basis of race.  15 U.S.C. § 1691(a)(1).  In

---

[4]

While peripheral to the verification of identity issue detailed in *Defendant's Exhibit E*, Plaintiff's letter from SSA stating an income of $771.00 each month amounts to a yearly income of less than the $10,000 gross annual income minimum required to  qualify for the offer.  *Id., see also Defendant's Exhibit A.*

claiming violations of ECOA, a plaintiff must establish the following four elements: "(1) he is a member of a protected class; (2) he applied for and was qualified for a loan; (3) the loan application was rejected despite his or her qualifications; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff." *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 778 (6th Cir. April 8, 2004).

While Plaintiff alleges that (1) he is African American and (2) he applied for credit, his claim founders at the third element which requires that he meet Defendant's qualifications for an extension of credit as listed in the application. As discussed above, he did not. More fundamentally, Plaintiff has failed to allege or demonstrate that Defendant had any knowledge of his race at the time the application was denied. The application does not ask for the applicant's race. *See Defendant's Exhibit A,* (ECF No. 7-2, PageID.236). Plaintiff later submitted an a copy of his driver's license with his picture whited over. (ECF No. 7-7, PageID.259). *See Karoumi v. TJ Maxx*, 408 F.Supp.2d 454, 462 (E.D.Mich.,2005)(no *prima facie* case of discrimination where "the record presented does not establish that the defendant was aware of the plaintiffs' national origin"); *see also Davis v. City of Dearborn*, 2010 WL 5282015, at *7 (E.D.Mich. December 17, 2010)(claims of racial discrimination subject to dismissal where the plaintiff made "no factual allegations showing Dearborn Defendants were aware of her race").

In response to the present motion, Plaintiff denies that he whited out his picture from the copy of his drivers license when either emailing or faxing his "proof" of address. (ECF

No. 11, PageID.406)(ECF No. 11, PageID.406).  Plaintiff submits two pages showing two separate copies of his driver's license absent the white-out, accompanied by two separate pages showing that he sent faxes and emails to Defendant.  (ECF No. 11, PageID.407).  However, in contrast to Defendant's Exhibit F, showing a copy of the whited-out version that is imprinted with a fax transmission time of April 14, 2014 at 3:31:35 GMT (consistent with Plaintiff's own fax report stating that a two-page fax was completed less than two minutes later on April 14, 2019 at 3:33: 30 GMT), Plaintiff's copies of his drivers license submitted with his response are unaccompanied by *any* indication that these were the actual copies sent to Defendant to show verification of address.  *Compare* (ECF No. 7-7, PageID.259)(ECF No. 11, PageID.417)(license with and without whiteout); *compare fax date/time,* (ECF No. 7-7, PageID.259) *with* (ECF No. 11, PageID.418).  Because Defendant's copy of the license includes a fax transmission time consistent with both Defendant and Plaintiff's time line, it is clear that the copy the Defendant received had Plaintiff's picture whited out.[5]  Plaintiff cannot show that Defendant was aware of his race at the time of the credit denial.

For  identical  reasons,  Plaintiff's  claims  under  Elliot  Larsen  Civil  Rights  Act ("ELCRA") should be dismissed.  Under the applicable provision of ELCRA, a plaintiff must show "(1) discrimination based on a protected characteristic (2) by a person, (3) resulting in

---

[5] It is also clear that Plaintiff is trying to pull a fast one on the Court by submitting a copy of his license other than the altered one that he actually sent to Defendant.

the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations (4) of a place of public accommodation." *Haynes v. Neshewat*, 477 Mich. 29, 35, 729 N.W.2d 488, 492 (2007); Mich. Comp. Laws § 37.2303(a). Plaintiff's failure to show discrimination on the basis of class or that any of Defendant's agents were aware that he was a member of a protected class prior to the denial of his credit application defeats his ELCRA claim. *See Karoumi* at 462.

### 3. The MCPA Claim

Plaintiff's Michigan Consumer Protection Act ("MCPA") should also be dismissed. The MCPA prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce . . ." Mich. Comp. Laws § 445.903(1). However, under §445.904(1) of the same Act, any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States" is exempted from MCPA. *See Matanky v. General Motors LLC*, 370 F.Supp.3d 772, 799(E.D.Mich.2019)(*quoting Liss v. Lewiston-Richards*, *Inc*., 478 Mich. 203, 210, 732 N.W.2d 514 (2007)("'R]elevant inquiry'" in determining if alleged action is exempt from MCPA "'is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited'"). Because "transaction (*i.e.,* the sale of a new car by a licensed dealer) is one specifically authorized and regulated by law . . . it is exempt from the MCPA." Likewise, because the transaction at issue here was regulated by FCRA, present Defendant is also exempt from the MCPA claims.

-13-

### 4. The Breach of Contract and Fraudulent Misrepresentation Claims

Plaintiff has also failed to allege the elements of either a breach of contract or fraudulent misrepresentation claim. "A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach. *Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104, 495 Mich. 161, 178 (2014). Plaintiff's claim that a contract was created by the "offer of credit" by Defendant coupled with Plaintiff's "acceptance" by forwarding the application fails to state the existence of an actual contract. As discussed above, a firm offer as defined by FCRA does not imply that upon a consumer's "acceptance" that the offeror is contractually obliged to extend credit. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d at 841 (under FCRA, "a firm offer of credit under the Act really means a firm offer if you meet certain criteria." Because the agreement to extend credit was conditioned on the terms set forth in the application and Plaintiff was unable to satisfy those conditions, there was no "contract" to be breached.

Likewise, Plaintiff's claim of fraudulent misrepresentation should be dismissed. In establishing fraudulent misrepresentation, the plaintiff must show "1. The defendant made a material representation. 2. The representation was false. 3. When the defendant made the representation, it knew that it was false, or the defendant made the representation recklessly, without any knowledge of its truth, and as a positive assertion. 4. The defendant made the representation with the intention that it should be acted on by the plaintiff. 5. The plaintiff

acted in reliance on the representation.  6. The plaintiff suffered injury due to his reliance on the representation." *Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 404, 617 N.W.2d 543, 546 (2000).   Standing alone, Plaintiff's inability to show that an agent of Defendant made a false representation defeats this claim.   While Plaintiff appears to contend that Defendant falsely made an "offer" of credit and then withdrew the offer after Plaintiff's "acceptance," in fact, the "offer" was conditioned on other criteria clearly stated in the credit application.  Finally, Plaintiff has not alleged how he was injured by the denial of the credit application.

## IV.  CONCLUSION

I recommend that the Plaintiff's motion for partially summary judgment [Doc. #5] be DENIED and that Defendant's motion for judgment on the pleadings or in the alternative summary judgment [Doc. #7] be GRANTED, dismissing the case WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 29, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen