UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY O. WILSON,

       Plaintiff,                                  Case Number 19-11704

v.                                                  Honorable David M. Lawson
                                                      Magistrate Judge R. Steven Whalen

FIRST PREMIER BANK,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE COMPLAINT IN ITS ENTIRETY WITH PREJUDICE

Presently before the Court is the report issued on February 29, 2020 by Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b) recommending that the Court deny the plaintiff's motion for summary judgment, grant the defendant's motion for summary judgment, and dismiss the case with prejudice. The magistrate judge issued that recommendation after concluding that the facts alleged in the complaint and disclosed by the undisputed record failed to establish any actionable violation of the federal or state laws under which the plaintiff had pleaded his various causes of action for purported credit reporting violations. The Court has reviewed the report and the plaintiff's objections and finds that the plaintiff has not identified any error in the magistrate judge's conclusions or recommended disposition. The report therefore will be adopted, the objections overruled, and the case dismissed.

The magistrate judge summarized the underlying facts of the case, none of which are subject to any serious dispute. The plaintiff received by mail a letter from the defendant stating that he had been pre-approved for a credit card. He asserts that the letter "was sent pursuant to a soft inquiry as a pre-screened offer." He contends that he "accepted" the pre-approved offer by

returning the enclosed application for a credit card. However, the defendant denied the application. When the plaintiff inquired why, he was told that the defendant declined the offer because, due to a mismatch in the addresses shown on a copy of his driver license and a letter from the Social Security Administration, which the plaintiff submitted in support of his application, the defendant had determined that it could not adequately verify the plaintiff's identity and income.

The plaintiff asserts that this was a violation of the Fair Credit Reporting Act, based on his belief that the invitation to apply was a "firm offer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(1). He argues that, when the defendant refused to acknowledge his "acceptance" of the offer, its refusal established that its creditor-initiated request for his credit report was not for a permissible purpose under the FCRA, *see* 15 U.S.C. § 1681b(c)(1)(B)(i), because the request was not made for the purpose of issuing a genuine "firm offer." The plaintiff also alleged, without elaboration, that the refusal to extend credit violated the Michigan Consumer Protection Act and was racially discriminatory in violation of Michigan's Elliott-Larsen Civil Rights Act.

The plaintiff filed his complaint in Michigan's 67th Judicial District Court on May 5, 2019, and the defendant removed the case to this Court. After a period of discovery, the parties filed their motions for summary judgment. The defendant did not object to the magistrate judge's recommendation, but the plaintiff timely filed his objections. The matter now is before the Court for fresh review.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge

in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings that [the objector] believe[s] [are] in error" are insufficient. *Ibid.*

The magistrate judge concluded that the undisputed facts pleaded and established by the record failed to make out any actionable claim under the FCRA, or any of the other various statutes cited by the plaintiff in his complaint, because (1) the decisions on point hold that a "firm offer" under the FCRA means an offer conditioned on the consumer showing that he or she can meet certain criteria, *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 76 (1st Cir. 2008) ("'A firm offer of credit under the [FCRA] really means a firm offer if you meet certain criteria.'") (quoting *Kennedy v. Chase Manhattan Bank*, 369 F.3d 833, 841 (5th Cir. 2004)), and the plaintiff's belief

that he "accepted" the offer by completing a credit application was simply a misunderstanding of the law; and (2) the plaintiff failed to plead any facts at all in his complaint, or to point to any circumstances substantiated by the record, suggesting that the defendant's declination of credit was motivated in any way by racial bias.

The plaintiff's "objections" do not include any developed argument or factual basis, nor do they cite any legal authority holding contrary to the conclusions reached by the magistrate judge. Nor has the plaintiff identified any specific facts disclosed by the record that the magistrate judge determined in error. Instead, he purports to "object in general to all recommendations of the Court and the findings upon which said recommendations are based." In support of that "general objection," he merely reiterates facts previously alleged or developed in his pleadings and briefing, and insists that (1) the proof of his identity and income that he submitted should have been accepted as sufficient by the defendant, and (2) the facts pleaded and further alluded to in his opposition brief are sufficient to sustain the pleaded causes of action because they were presented in a "detailed" and "chronological" fashion.

It is well settled in this circuit that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Ibid.* (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)) (quotations omitted). Thus, by failing to identify any discrete issues or to present

any developed factual or legal basis in support of his objections, the plaintiff has "waived any objection to the substantive analysis of the magistrate judge's report and recommendation." *Ibid.*; *see also United States v. Bradley*, 917 F.3d 493, 509 (6th Cir. 2019) ("'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997)). The terse, conclusory, and undeveloped grievances stated in the plaintiff's opposition to the report and recommendation are insufficient to preserve any proper objection to the magistrate judge's conclusions. The plaintiff has not advanced a sufficient ground for a determination that the magistrate judge erred in his findings of fact or law. Therefore, the plaintiff has waived any further challenge to the magistrate judge's substantive analysis, which, so far as the record shows and the case law on point holds, was correct as a matter of fact and law.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 30) is **ADOPTED**, the plaintiff's objections (ECF No. 31) are **OVERRULED**, the plaintiff's motion for summary judgment (ECF No. 5) is **DENIED**, the defendant's motion for summary judgment (ECF No. 7) is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: March 30, 2020

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 30, 2020.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---